IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-70,887-01 & -02






EX PARTE RONNIE JONES, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. F-9358276-KJ & F-9340847-VJ 


IN CRIMINAL DISTRICT COURT NO. 3

FROM DALLAS COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession
of a controlled substance and delivery of a controlled substance. He was sentenced to two terms of
twenty years' imprisonment. He did not appeal his convictions. 

 Applicant contends that he was denied due process because his projected date for release on
mandatory supervision was changed from February 2, 2008 to February 2, 2011. Applicant has
alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are
needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial
court is the appropriate forum for findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), in
that it shall order the Texas Department of Criminal Justice's Office of the General Counsel to file
an affidavit explaining whether Applicant is eligible for release on these convictions before February
2, 2011, and whether Applicant is temporarily ineligible for release. See Ex parte Hill, 208 S.W.3d
462 (Tex. Crim. App. 2006). The trial court may also order depositions, interrogatories or a hearing. 
In the appropriate case, the trial court may rely on its personal recollection. Id. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. C ode Crim. Proc. art. 26.04.

 The trial court shall then make findings as to whether Applicant is eligible for release on
these convictions before February 2, 2011, and whether he is temporarily ineligible for release. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: November 19, 2008

Do not publish